IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER D. MAY,** | ) | |
| Plaintiff, | ) | Case No. 7:23-cv-00600 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| **KEVIN PAULTS, et al.,** | ) | Chief United States District Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION

Christopher D. May, an inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against Kevin Paults, Chuck Morris, and unknown staff members of the Rockingham-Harrisonburg Regional Jail and the Middle River Regional Jail. The case is now before the court for review under 28 U.S.C. § 1915A. Having reviewed the amended complaint, the court concludes that the claims against Paults and the unknown defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### I.  Background

May was previously incarcerated at the Rockingham-Harrisonburg Regional Jail. In his amended complaint, May alleges that Officer Chuck Morris used excessive force against him at that facility. See Am. Compl., ECF No. 16, at 2. The amended complaint incorporates the exhibits submitted with the original complaint, including a criminal complaint signed by May. Id. According to the criminal complaint, the use of force occurred on February 16, 2023. Compl. Ex. 1, ECF No. 1-1, at 1. The criminal complaint includes the following summary of Morris's alleged actions:

> . . . Upon Chuck D. Morris serving me with a protective order, [which] I gracefully accepted, I turned to walk away and this

> officer [pur]sued me and assaulted me as well while I was in Rockingham County Jail's custody. Mr. Chuck Morris grab[bed] my left arm with force after I told him I was going to the phone. For [no] reason then pulled a taser on me after I backed up . . . .

Id.

Following the incident, May was moved to the Middle River Regional Jail, where he sought access to a magistrate so that he could pursue criminal charges against Morris. May alleges that Officer Kevin Paults denied his request to see a magistrate. Am. Compl. at 2. In addition to Morris and Paults, the case caption lists unknown "Harrisonburg staff and Middle River staff" as defendants. Id. at 1.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the court must "dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws."

2

42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)). The plaintiff must also show "that the official charged acted personally in the deprivation of the plaintiff['s] rights." Wilcox v. Brown, 877 F.3d 161, 170 (4th Cir. 2017) (internal quotation marks and citation omitted). In other words, the plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.

Having reviewed the amended complaint in accordance with the applicable law, the court concludes that it fails to state a plausible claim for relief under § 1983 against Paults and the unknown defendants. Turning first to the allegations against Paults, it is well settled that "[n]o citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (citing Linda R. v. Richard V., 410 U.S. 614, 619 (1973)). While inmates have a constitutional right to access the courts, "[t]he tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement [through a civil rights action]." Lewis v. Casey, 518 U.S. 343, 354–55 (1977). The right does not impose an obligation on correctional officials to assist an inmate in filing criminal charges. Lopez, 914 F.2d at 494. Consequently, Paults's alleged failure to assist May in speaking to a magistrate does not give rise to a constitutional claim.

The amended complaint also fails to state a claim against the unknown staff referenced in the case caption. The pleading provides no indication as to how the unknown defendants were involved in the incidents giving rise to this action. Because the amended complaint does not identify any acts committed by the unknown staff that allegedly violated May's constitutional rights, it fails to state a claim against these defendants. See Langford v. Joyner, 62 F.4th 122, 125 (4th Cir. 2023) (affirming the dismissal of a complaint for failure to state a claim where the plaintiff made "only collective allegations against all 'Defendants,' without identifying how each individual Defendant personally interacted with [Plaintiff] or was responsible for the denial of his Eighth Amendment rights"); Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.").

### IV. Conclusion

For the reasons stated, the court concludes that May's amended complaint fails to state a claim against Kevin Paults and the unknown staff. Therefore, the court will dismiss the claims against these defendants pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered.

Entered: December 1, 2023

Michael F. Urbanski
Chief United States District Judge