CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

February 10, 2026

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CHRISTOPHER D. MAY,**           ) | |
|       Plaintiff,                  ) | Case No. 7:23-cv-00600 |
|                                   ) | |
| v.                                ) | |
|                                   ) | By: Michael F. Urbanski |
| **CHARLIE D. MORRIS,**            ) | Senior United States District Judge |
|       Defendant.                  ) | |

## MEMORANDUM OPINION

Christopher D. May, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, alleging that an officer at the Rockingham-Harrisonburg Regional Jail physically assaulted him for no reason on February 16, 2023. May has amended his original complaint to name Charlie D. Morris as the defendant. Morris has moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 45. For the reasons set forth below, the motion is **DENIED**.

### I. Background

The following factual allegations are taken from the original complaint, the amended complaint against Morris, and additional written materials filed by May. See Holley v. Combs, 134 F.4th 142, 144 (4th Cir. 2025) ("In order to determine whether the claim of a pro se plaintiff can withstand a motion to dismiss, it is appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff.") (internal quotation marks and brackets omitted).* The factual allegations are accepted as true for

---

* Because the court finds it appropriate to consider all of May's written submissions, Morris's motion to strike May's supplemental response in opposition, ECF No. 51, will be denied.

purposes of ruling on the motion to dismiss. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

While working at the Rockingham-Harrisonburg Regional Jail on February 16, 2023, Morris served May with a protective order. Criminal Compl., Compl. Attach., ECF No. 1-1 May alleges that he "gracefully accepted" the order and turned to walk away. Id. Morris then pursued and "assaulted" him for "[no] reason" after May told Morris that he was going to use the phone. Id. May alleges that Morris forcefully grabbed his left arm and "pulled a taser on [him]" when he backed up. Id. Morris kept the taser drawn until he placed May in handcuffs. Pl.'s Supp'l Resp., ECF No. 50, at 1. May alleges that Morris then "pulled [his arms] up so far that [his] shoulders were injured." Id. May was subsequently transported to Augusta Medical Center, where he was told that his right shoulder "separated . . . from the force of [his] arms being lifted up after [he] was cuffed." Id.

## II. Standard of Review

Morris has moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When evaluating whether a plaintiff has stated a claim upon which relief can be granted, "the court must construe all factual allegations in the light most favorable to the plaintiff."

2

Wilcox v. Brown, 877 F.3d 161, 166–67 (4th Cir. 2017). "Additionally, when a plaintiff raises a civil rights issue and files a complaint pro se, the court must construe pleading requirements liberally." Id. For this reason, the court may consider other materials submitted by a pro se plaintiff when deciding whether the plaintiff has stated a plausible claim for relief. See Holley, 134 F.4th at 144.

### III. Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The court agrees with Morris that the amended complaint, liberally construed, asserts that Morris used constitutionally excessive force against May. The constitutional standard that applies to a claim of excessive force depends on whether May was a convicted prisoner or a pretrial detainee at the time of the incident. A convicted prisoner's claim of excessive force is brought pursuant to the Eighth Amendment's prohibition against cruel and unusual punishment, while a pretrial detainee's claim of excessive fore is brought pursuant to the Due Process Clause of the Fourteenth Amendment. Kingsley v. Hendrickson, 576 U.S. 389, 400 (2015). Because the current record does not indicate whether May was a convicted prisoner or

3

a pretrial detainee at the time of the events in question, the court will analyze the claim of excessive force under both standards.

**A.     Eighth Amendment**

The Eighth Amendment prohibits correctional officials from unnecessarily and wantonly inflicting pain on prisoners. Whitley v. Albers, 475 U.S. 312, 319 (1986). A claim of excessive force in violation of the Eighth Amendment has both an objective and a subjective component. Dean v. Jones, 984 F.3d 295, 302 (4th Cir. 2021). "The objective component measures the nature of the force employed, asking whether that force 'was sufficiently serious to establish a cause of action.'" Id. (quoting Brooks v. Johnson, 924 F.3d 104, 112 (4th Cir. 2019)). "This is not a high bar; de minimis or trivial force is not enough but anything more will suffice." Id.

The subjective component asks whether the correctional officer "acted with a sufficiently culpable state of mind." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). The state of mind required is "wantonness in the infliction of pain." Brooks, 924 F.3d at 112 (internal quotation marks omitted). "Whether an inmate can establish that impermissible motive turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Dean, 984 F.3d at 302 (quoting Whitley, 475 U.S. at 320–21). In Whitley, the Supreme Court identified four non-exclusive factors to assist in evaluating whether an officer acted with a sufficiently culpable state of mind. Iko v. Shreve, 535 F.3d 225, 239 (4th Cir. 2008). Those factors are: "(1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) the extent of any reasonably perceived threat that the

4

application of force was intended to quell; and (4) 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley, 475 U.S. at 321).

Viewing the factual allegations in the light most favorable to May, the court concludes that the allegations are sufficient to state a plausible violation of the Eighth Amendment. The fact that May purportedly required medical treatment at a local hospital following the use of force plainly suggests that the amount of force used was more than de minimis, as required to satisfy the objective component. With respect to the subjective component, May plausibly asserts that there was no need for the initial or continued application of force and that Morris used a disproportionate amount of force under the circumstances. Notably, May alleges that Morris pulled on his arms with enough force to cause a shoulder separation after May was placed in handcuffs. As the Fourth Circuit explained in Dean, "it is well-established . . . that officers may not use gratuitous force against a prisoner who has already been subdued . . . [or] incapacitated." Dean, 984 F.3d at 304 (alterations in original) (internal quotation marks omitted). When an officer does use force against an inmate after he has been subdued, one may reasonably infer "that the force was applied not for [permissible] protective reasons but instead to retaliate or punish." Id. Accordingly, May has stated a viable Eighth Amendment claim of excessive force against Morris.

**B.     Fourteenth Amendment**

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from the use of force that amounts to punishment. Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535–39 (1979)). To prevail on a claim of excessive force, "a pretrial detainee must show only that the force purposely or knowingly used against

5

him was objectively unreasonable." Kingsley, 576 U.S. at 396–97. This standard "turns on the facts and circumstances of each case," and various factors, including the following, "may bear on the reasonableness and or unreasonableness of the force used":

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

Id. at 397 (internal quotation marks and citations omitted). Because the applicable standard is objective, a "defendant's state of mind is not a matter that a plaintiff is required to prove." Id. at 395. Nonetheless, a pretrial detainee can also prevail by showing that a defendant's actions were taken with an intent to punish. Kingsley, 576 U.S. at 398 (citing Bell, 441 U.S. at 538); see also id. at 400 (emphasizing that "pretrial detainees (unlike convicted prisoners) cannot be punished at all, much less maliciously and sadistically") (internal quotation marks and citation omitted).

For the same reasons set forth above, the court concludes that May has plausibly alleged that the force used against him was objectively unreasonable and amounted to punishment. May's allegations allow the court to reasonably infer that there was no need for the use of physical force at all, much less for the amount of force employed, and that Morris used a maneuver forceful enough to injure May after he had been restrained in handcuffs. Such allegations are sufficient to state a claim of excessive force in violation of the Fourteenth Amendment. See, e.g., Timpa v. Dillard, 20 F.4th 1020, 1034 (5th Cir. 2021) (citing circuit precedent clearly establishing "that an officer's continued use of force on a restrained and subdued subject is objectively unreasonable").

6

### IV. Conclusion

For the reasons stated, Morris's motion to dismiss, ECF No. 45, and his motion to strike May's supplemental response in opposition to the motion, ECF No. 51, are **DENIED**. An appropriate order will be entered.

Entered: February 10, 2026

Michael F. Urbanski
U.S. District Judge
2026.02.10 11:29:35
-05'00'

Michael F. Urbanski
Senior United States District Judge